PASTOR v. LUZUNARIS ET AL.

APPEAL from the District Court of Humacao.

No. 89.—Decided March 17, 1904.

INTERVENTION.—Where it appears from the documentary evidence introduced upon the trial of an action of intervention that plaintiff has no title which could serve as the basis for his claim, the same should be dismissed.

ID.—COSTS.—The trial court having rendered a judgment for costs in favor of a party in an incidental matter involving the annulment of the proceedings, and such judgment being subsequently reversed by this court with respect to the taxation of costs, the party recovering said judgment cannot avail himself thereof as the basis of a preferred claim in an action of intervention of better right.

ID.—POSTPONEMENT OF HEARING—DEFENSE.—The period for taking evidence and the hearing of the arguments of counsel being two different stages of the proceedings, the denial by the trial court of a postponement of the hearing on the ground of the absence of counsel is not error precluding a party from presenting his defense, especially where it is shown that all the evidence had been taken, or that said party was guilty of negligence in procuring a portion of the same.

STATEMENT OF THE CASE.

This is a complaint in intervention of preferred right, prosecuted in the District Court of Humacao by Ramón Pastor Díaz, plaintiff, against Attorney Herminio Díaz Navarro and Carolina Luzunaris y Domínguez, defendants, which case is pending before us on appeal in cassation, now ordinary ap-

virtud de recurso de casación, hoy de apelación, interpuesto contra la sentencia recaída en el mismo, por la parte demandante, la que ha representado y defendido, en esta Corte Suprema, el Letrado D. Antonio Alvarez Nava, habiendo llevado la representación y defensa de las partes recurridas, el Letrado D. Juan de Guzmán Benítez.

*Resultando* : que la expresada sentencia, copiada á la letra dice así :

"*Sentencia.*—En la ciudad de Cáguas á los veinte y seis días del mes de Mayo de mil novecientos dos: *Vistos* los autos seguidos ante este Tribunal, entre partes, de la una D. Ramón Pastor Díaz, demandante, dirigido y representado por el Letrado D. Juan Hernández López, y de la otra el Letrado D. Herminio Díaz Navarro y Doña Carolina Luzunaris Domínguez, demandados, defendido el primero por sí propio, y la segunda, representada por el mismo Letrado Sr. Díaz Navarro, sobre tercería de mejor derecho.

1. *Resultando* : que en veinte de Enero del corriente año el Letrado D. Juan Hernández López, á nombre de Don Ramón Pastor Díaz, presentó demanda ante el Tribunal contra el Letrado D. Herminio Díaz Navarro y Doña Carolina Luzunaris Domínguez, solicitando, que el precio ó importe de la casa que el Letrado Don Herminio Díaz Navarro le embargó á Doña Carolina Luzunaris, para el cobro de sus honorarios devengados en el pleito de divorcio que dicha señora siguió contra su esposo, Don Ramón Pastor Díaz, y la cual casa se había mandado poner en pública subasta, se mandara depositar hasta que recayera sentencia en esta tercería, y que en definitiva se declarara que su representado Don Ramón Pastor Díaz era acreedor preferente respecto del demandado Don Herminio Díaz Navarro, en la finca embargada por éste á Doña Carolina Luzunaris Domínguez, con los demás pronunciamientos del caso é imposición de todas las costas á los demandados, y alegó como hechos, que el Letrado Don Herminio Díaz Navarro, á nombre de Doña Carolina Luzunaris Dominguez, como menor de edad, asistida de su legítimo padre Don Manuel Luzunaris, presentó demanda de divorcio ante este Tribunal, en ocho de Agosto último, contra Don Ramón Pastor Díaz, solicitando que en definitiva se declarara con lugar el divorcio solicitado, disolviéndose el vínculo del matrimonio con los demás pronunciamientos del caso; que contestada la demanda por la representación del Sr.

peal, from the judgment rendered thereon, taken by the plaintiff, who is represented in this Supreme Court by Attorney Antonio Alvarez Nava, respondents being represented by Attorney Juan de Guzmán Benítez.

The aforesaid judgment reads as follows:

"Judgment.—In the city of Caguas, May 26, 1902. A hearing was had of the complaint in intervention of preferred right, prosecuted by Ramón Pastor Díaz, plaintiff, represented by Attorney Juan Hernández López, against Attorney Herminio Díaz Navarro and Carolina Luzunaris Domínguez, defendants, the former on his own behalf and the latter represented by said Díaz Navarro.

"On January 20, 1902, Attorney Juan Hernández López, on behalf of Ramón Pastor Díaz, brought an action in this court against Attorney Herminio Díaz Navarro and Carolina Luzunaris Domínguez, asking that the price or value of the house of the latter, attached by the former for the recovery of his fees in the divorce suit brought by Carolina Luzunaris against her husband, Ramón Pastor Díaz, a public sale of which had been ordered, be deposited until judgment in the complaint in intervention had been rendered, and that it be finally adjudged that his client, Ramón Pastor Díaz, was a preferred creditor with respect to the defendant Díaz Navarro, in the property of Carolina Luzunaris that had been levied upon by the said Díaz Navarro, and that such other declarations be made as were pertinent to the case, with costs against defendants. He alleged the following facts: That Attorney Herminio Díaz Navarro, on behalf of Carolina Luzunaris Domínguez, a minor, accompanied by her legitimate father, Manuel Luzunaris, had brought an action for divorce in this court, on August 8, 1901, against Ramón Pastor Díaz, praying that the divorce sought be finally granted and the marriage bond dissolved, together with such other declarations as might be pertinent; that after the complaint had been answered by counsel for Díaz, and the evidence offered, at the oral and public hearing, the court, in conformity with the dilatory exceptions entered by the

Díaz, propuestas las pruebas y llegada la celebración del juicio oral y público, el Tribunal, de acuerdo con las pretensiones de carácter previo, deducidas en el acto del juicio, por la parte demandada, dictó sentencia en trece de Noviembre último, declarando nulo todo lo actuado en dicho litigio, desde la omisión de la intervención y emplazamiento del Ministerio Fiscal, en su principio, con las costas de todo lo actuado á la parte demandante, reponiendo las cosas á su primitivo estado por si la parte actora usa de su derecho con arreglo á procedimiento: que después de dictada esa sentencia y condena de costas contra la parte actora, el Letrado de ella Don Herminio Díaz Navarro presentó cuenta de sus honorarios devengados ascendentes á la suma de dos mil dollars, para que fuese requerida á su pago su representada Doña Carolina Luzunaris Domínguez apercibida de apremio si no lo verificaba: que no habiendo pagado Doña Carolina Luzunaris Domínguez á instancia de dicho letrado se le embargó una casa sita en la Villa de Guayama, calle Nueva, decretándose la venta en subasta pública, cuya subasta tendría lugar el veinte y uno de Enero del corriente año, habiéndose conferido comisión para celebrar dicha subasta al Juzgado Municipal de Guayama: que al mismo tiempo que ésto se hacía, la representación de la parte actora, interpuso recurso de casación contra dicha sentencia, que fué admitido, elevándose los autos al Tribunal Supremo, en donde se encuentran pendientes de la tramitación del recurso; y que su representado es pues acreedor por costas de Doña Carolina Luzunaris Domínguez á virtud de la citada sentencia de esta Corte de Distrito.

2. *Resultando*: que conferido traslado de la demanda al Letrado Don Herminio Díaz Navarro y á Doña Carolina Luzunaris Domínguez contestaron la demanda solicitando se declarase sin lugar con costas al tercerista, exponiendo como hechos que iniciado por la Señora Luzunaris juicio de divorcio contra su esposo el Señor Pastor Díaz, presentó éste al comenzar la celebración del juicio oral un incidente prévio de nulidad de actuaciones fundado en la falta de intervención en el litigio del Señor Fiscal: que ese incidente se declaró con lugar en sentencia de trece de Noviembre de mil novecientos uno condenándose en costas á la Señora Luzunaris y por no estimar pertinente esa condena de costas, interpuso recurso de casación contra dicha sentencia, no habiéndose aún visto y por lo tanto resuelto dicho recurso: que antes de interponer ese recurso formuló en el mencionado juicio de divorcio reclamación contra Doña Carolina Luzunaris por dos mil pesos de honorarios devengados en dicho

defendant, had rendered judgment on November 13, 1901, vacating all the proceedings had from the time when the intervention and citation of the Department of Public Prosecution had been omitted, with costs of said proceedings against the plaintiff, matters being restored to their original state, and complainant left at liberty to make use of her right according to established procedure; that after said judgment and imposition of costs against the party complainant, her counsel, Herminio Díaz Navarro, filed a bill for his fees, amounting to two thousand dollars, with the request that his client, Carolina Luzunaris Domínguez, be required to satisfy the same, under pain of compulsory procedings; that complainant having failed to pay said fees at the instance of her aforesaid counsel, an attachment was levied upon a house belonging to her, situated in Calle Nueva, Guayama, and a public sale thereof decreed, to take place January 21, 1902, the municipal court of Guayama being commissioned to hold said public sale; that meanwhile counsel for complainant had taken an appeal in cassation from aforesaid judgment, which was admitted and the record transferred to the Supreme Court, where said appeal was pending; and that consequently his client was entitled to recover costs from Carolina Luzunaris, pursuant to aforesaid judgment of the district court.

"Notice of said complaint was served upon Attorney Herminio Díaz Navarro and Carolina Luzunaris Domínguez, who answered praying that it be dismissed, with costs against the complainant in intervention, and setting out the following facts: That an action for divorce having been instituted by Carolina Luzunaris against her husband, Pastor Díaz, the latter had, at the outset of the trial, entered a dilatory exception of nullity of proceedings based on the fact that the *Fiscal* had had no intervention in said proceedings; that by judgment rendered November 13, 1901, said incidental issue was declared to be well taken, with costs against complainant, who, deeming that the imposition of costs was not pertinent, had taken an appeal in cassation from said decision, which appeal had not yet been heard and decided; that before said appeal had been entered, he (Díaz Navarro) had filed at aforesaid trial of the divorce suit, a claim against Carolina Luzunaris amounting to two thousand *pesos,*

juicio, pidiendo que se le requiriese al pago en el término que se le señalase y que de no verificarlo se le embargasen bienes en cantidad bastante á cubrir aquella suma, dándole comisión bastante al Juez Municipal de Guayama para la práctica de aquellas· diligencias, llevando el apremio hasta su terminación: que á esa petición recayó providencia accediendo á su solicitud: que esa providencia fué notificada al representante legal del Señor Pastor Díaz en el mencionado juicio de divorcio, habiéndola consentido y librado el oportuno mandamiento al Sr. Juez Municipal para su cumplimiento se requirió de pago sin éxito á la Señora Luzunaris, que está judicialmente depositada en la casa de su señora madre y fuera por tanto de la autoridad marital, embargándosele los bienes siguientes: una cama de matrimonio con su colchoneta y colchon de alambre; un juego de muebles para la sala con dos consolas de espejo, doce sillas, cuatro sillones, dos butacas y una mesa de sala con su mármol: un ropero de cedro, un tocador de bejuco negro, una cama de hierro de una plaza con su colchón de alambre, una mesa de cedro pequeña y una casa terrera, de madera, techada de zinc, radicada en la calle Nueva de Guayama, colindante por la derecha entrando con la calle de San Fernando, por la izquierda con solar del Señor Rodríguez Lafuente y por el fondo con casa de Don Juan Ignacio Capó, cuya casa fué adquirida por la Señora Luzunaris antes de contraer matrimonio, ó sea el veinte y ocho de Julio de mil ochocientos noventa y ocho por compra á Don Celestino Domínguez en escritura otorgada ante el Notario Don José Mariano Capó: que ese embargo en cuanto á la referida casa fué anotado preventivamente en el Registro de la Propiedad del Partido al fólio 137 vuelto del tomo 18 de Guyama. Tasáronse pericialmente con las formalidades que la ley prescribe los bienes muebles en doscientos cuarenta y cinco dollars y el inmueble en mil setecientos dollars que se señaló para el remate de los muebles el veinte de Diciembre de mil novecientos uno y para el del inmueble el veinte y uno de Enero de mil novecientos dos: que celebrada la subasta de los muebles no hubo postor y á petición del Letrado Señor Díaz Navarro se adjudicaron al mismo en parcial pago de su crédito por las dos terceras partes de su valoración ó sea por ciento setenta y tres dollars treinta y dos centavos en auto de diez de Enero de mil novecientos dos: que el día y á la hora señalada para la celebración del remate del inmueble no hubo postor alguno y en el mismo acto compareció Don Francisco Bruno apoderado del Señor Díaz Navarro y ofreció á nombre de éste por la casa y todas sus dependencias las

for fees earned in said trial, praying that she be required to satisfy the same within a period of time to be specified; that in case of default, an attachment be levied upon her property in sufficient amount to cover said sum, and that the municipal judge of Guayama be adequately commissioned for the purpose, until the termination of the compulsory proceedings; that an order issued acceding to said petition; that notice of said order was served upon counsel for Pastor Díaz in aforesaid divorce suit, who had acquiesced therein, and the proper writ having been issued to the municipal judge for the execution thereof, Carolina Luzunaris, who was judicially in the custody of her mother and, therefore, beyond the authority of her husband, was summoned to pay, but without any result, whereupon the following property was attached: a double bed with its quilt and wire mattress, a set of household furniture consisting of a pair of pier glasses, twelve chairs, four easy chairs, two lounging chairs and a center table with marble slab, a cedar wardrobe, a black rattan toilet bureau and an iron single bedstead with wire mattress, a small cedar table, and a single-story wooden zinc-roofed house, situated in Calle Nueva, Guayama, bounded by Calle de San Fernando in entering on the right; on the left by a vacant lot belonging to Rodríguez Lafuente, and in the rear, by the house of Juan Ignacio Capó; aforesaid realty had been acquired by Carolina Luzunaris prior to her marriage, that is to say, on July 28, 1898, by purchase from Celestino Domínguez, according to deed executed before Notary José Mariano Capó; that cautionary notice of attachment, as to said house, had been entered at the Registry of Property of the district, at folio 137 (reverse side), of volume 18, Guayama; that the personal property had been appraised by experts, with the formalities prescribed by law, at $245, and the realty at $1,700; that December 25, 1901, was set for the public sale of the furniture, and January 21, 1902, for that of the real property; that at the auction of the furniture no bid was made, and at the request of Attorney Díaz Navarro it was, by order of January 10, 1902, awarded to him in partial payment of his claim, for two-thirds its appraised value, or $173.32; that on the day set for the public sale of the real property, no bidder having come forward, Francisco Bruno appeared, as attorney in fact for Díaz Navarro, and offered for the house and all the appurtenances thereof, on behalf of his principal, two-thirds of their valuation, or $1,133.33, for which sum, no higher bid having been made, nor a protest entered, said realty was awarded to Díaz Navarro, on account of his claim and

dos terceras partes de su valoración ó sean mil ciento treinta y tres dollars treinta y tres centavos, por cuya suma, no habiéndose mejorado ni presentado protesta alguna, se le adjudicó al Señor Díaz Navarro el inmueble en pago á cuenta de su crédito y costas en providencia del veinte y dos de Enero de mil novecientos dos: que á petición del Señor Díaz Navarro se mandó otorgar á favor del mismo escritura á la Señora Luzunaris y con autorización bastante del Tribunal de Distrito de Humacao, le otorgó dicha señora el veinte y tres de Enero de mil novecientos dos ante el Notario de Guayama Don José Mariano Capó, habiéndose inscrito en el Registro de la Propiedad al fólio 138 del tomo 18 de Guayama finca número 950: que verificado el otorgamiento de esa escritura y ya inscrita en el Registro de la Propiedad por virtud de carta orden librada por el Tribunal de Distrito de Humacao con ocasión de la interposición de la tercería á que contesta, se requirió el veinte y cuatro de Enero de mil novecientos dos á Don Francisco Bruno como apoderado del Señor Díaz Navarro para que consignase el precio de la casa rematada contestando éste al requerimiento que en el acto de la subasta en virtud del derecho concedido por el Artículo 1440 de la Ley de Enjuiciamiento Civil había hecho á nombre del Señor Díaz Navarro proposiciones adjudicándose el inmueble á cuenta de principal y costas porque ejecutaba, de conformidad con lo prevenido en el Artículo 1502 de la ley citada siéndole por ello imposible consignar el precio de la subasta.

3. *Resultando*: que á instancia de las partes se abrió el juicio á prueba, no practicando el actor la que artículó aportando los demandados copia certificada del acta de matrimonio canónico celebrado el siete de Noviembre de mil ochocientos noventa y ocho entre Don Ramón Pastor Díaz Molinari y Doña Carolina Luzunaris Domínguez; copia del escrito que en diez y siete de Noviembre de 1901 presentó el Letrado D. Herminio Díaz Navarro en el pleito que sobre divorcio sigue á nombre de Doña Carolina Luzunaris contra su esposo Don Ramón Pastor Diaz interesando que el Tribunal mandara requerir á Doña Carolina Luzunaris para que en el término de tres días le satisficiese la suma de dos mil dollars de honorarios devengados en el citado pleito, apercibida de apremio y á la vez solicitaba que se diera comisión al Juez Municipal de Guayama para llevar á cabo hasta su terminación el apremio, embargando bienes, librando mandamientos al Registrador de la Propiedad que corresponda para la anotación de lo embargado si fuese inmueble y procediendo á su avalúo, venta en pública subasta, aprobación de remate, adjudicación

costs, pursuant to an order of January 22, 1902; that at the request
of Díaz Navarro, Carolina Luzunaris was ordered to execute a deed
in favor of the former, which, being duly authorized therefor by the
District Court of Humacao, she did so on January 23, 1902, before the
notary of Guayama, José Mariano Capó, said deed being recorded in
the Registry of Property, at folio 138, volume 18, of Guayama,
property No. 950; that when said deed had been executed and al-
ready recorded in the Registry of Property, pursuant to an order
issued by the District Court of Humacao, on the occasion of the
complaint in intervention now answered by him, Francisco Bruno, as
attorney in fact for Díaz Navarro, was on the 24th of January, 1902,
summoned to pay the price of the house sold at auction, the latter
(Bruno) replying that at the time of the public sale he had, by vir-
tue of the right granted by article 1440 of the Law of Civil Proce-
dure, requested that the property be awarded to said Díaz Navarro on
account of the principal for which he sued, and costs, as provided
by article 1502 of aforesaid law, for which reason he could not make
over the price of the award.

"On motion of the parties, the taking of evidence was proceeded
with, the plaintiff waiving the interrogatories he had formulated, and
the defendant filing with the record the following documents: Cer-
tified copy of the record of the canonical marriage, solemnized on
November 7, 1898, between Ramón Pastor Díaz Molinari and Caro-
lina Luzunaris Domínguez; a copy of the petition filed on November
17, 1901, by Attorney Herminio Díaz Navarro in the action for di-
vorce instituted on behalf of Carolina Luzunaris against her hus-
band Ramón Pastor Díaz, praying the court to issue an order sum-
moning Carolina Luzunaris to pay him, within the term of three
days, the sum of two thousand dollars, in settlement of his fees as
counsel in aforesaid action, under pain of compulsory proceedings,
and that the municipal judge of Guayama be commissioned to exe-
cute said order by compulsory proceedings, with power to attach
property, issue the proper orders to the registrar of property for
entry of the cautionary notice of attachment, if levied on real estate,
and to have the attached property appraised and sold at auction, ap-

y demás que proceda hasta hacerle pago de la cantidad reclamada;
copia de la providencia dictada por este Tribunal el veinte y tres
de Noviembre de mil novecientos uno, accediendo al requerimiento de
pago y á lo demás pedido por el susodicho Letrado D̂íaz Navarro en
el escrito de fecha 17 del mismo mes y año: copia de la diligencia
creditiva de haberse librado la carta-orden comisionando al Juez
Municipal de Guayama para practicar el requérimiento de pago y el
aprèmio contra la Señora Luzunaris Domínguez: copia del requeri-
miento de pago efectuado el veinte y cinco de Noviembre último á la
Señora Luzunaris, con la manifestación de ésta de ser cierta la deuda
que le reclamaba su abogado defensor, el Señor Díaz Navarro, y la
de carecer de metálico para hacerla efectiva; copia de la diligencia
de embargo, efectuada el día veinte y nueve del citado Noviembre, de
la que consta que fueron embargados á la Señora Luzunaris algunos
bienes muebles y una casa terrera de madera, techada de zinc, radi-
cada en la calle Nueva, de la Villa de Guayama, colindante por su
derecha entrando con la calle de San Fernando, por la izquierda con
solar de la Suecesión Rodríguez Lafuente, y por el fondo con casa
de Don Juan Ignacio Capó: copia de la tasación de los bienes embar-
gados de la que aparece que los muebles se valuaron en la cantidad
de doscientos cuarenta y cinco dollars, y el inmueble en mil setecien-
tos pesos: copia del acta de remate de los bienes muebles verificado,
sin que se presentara postor, el veinte y uno de Noviembre del año
próximo pasado: copia del auto dictado en diez de Enero del corrien-
te año por el Juez Municipal de Guayama adjudicando al Letrado
Don Herminio Díaz Navarro en virtud de haberlo éste solicitado, en
pago á cuenta de lo que se le adeuda, los bienes muebles enbargados
á Doña Carolina Luzunaris por las dos terceras partes del avalúo:
copia del acta del remate de la casa embargada á dicha Señora
Luzunaris verificado el veinte y uno de Enero del presente año, por la
cual, no habiéndose presentado ningún postor, pidió Don Francisco
Bruno, como apoderado del Lcdo. Díaz Navarro, que se adjudicara á
su principal la referida casa por las dos terceras partes de su tasa-
ción, ó sea por la cantidad de mil ciento treinta y tres dollars treinta
y tres centavos: copia del auto dictado el veinte. y dos del mismo mes
de Enero, dictado por el Juez Municipal de Guayama Don Guillermo
Alvarez, refrendado por su Secretario Don Benigno Capó, por el
cual se adjudicó al Letrado Don Herminio Díaz Navarro la casa re-
matada, á cuenta de principal y costas, por las dos terceras partes
del justiprecio de la misma: copia del escrito formulado por el Lcdo.

prove said sale, make the award, and observe such other formalities as might be necessary until payment was made to the attachment creditor of the amount sued for; copy of the order issued by the District Court of Humacao, on November 23, 1901, granting the requisition for payment issued against Carolina Luzunaris Domínguez, and other prayers made by aforesaid Attorney Díaz Navarro in his petition dated on the 17th of the same month and year, and commissioning the municipal judge of Guayama to serve the same upon, and to institute compulsory proceedings against, Carolina Luzunaris; copy of the requisition for payment served upon aforesaid Carolina Luzunaris, November 25, 1901, returned with the latter's answer acknowledging the debt claimed by her counsel, Díaz Navarro, and stating that she was unable to pay owing to the lack of money; copy of the papers connected with the attachment proceedings had on the 29th of aforesaid November, showing that some furniture and a zinc-roofed, one-story house, situated in Calle Nueva in Guayama, belonging to her, bounded by Calle de San Fernando, in entering on the right, on the left by a vacant lot belonging to the estate of Rodríguez Lafuente, and in the rear by the house of Juan Ignacio Capó, had been attached; copy of the appraisement of the property levied upon, from which it appears that the furniture is valued at two hundred and forty-five dollars, and the realty at seventeen hundred dollars; copy of the papers connected with public sale of the personal property, had November 21, 1901, at which no bid was made; copy of the order issued by the municipal judge of Guayama, January 10, 1902, awarding to Attorney Díaz Navarro, at his request, the personal property of Carolina Luzunaris that had been attached, for two-thirds of the appraised value thereof, in part payment of his claim; copy of the papers connected with the public sale had January 21, 1902, of the house belonging to Carolina Luzunaris, that had been attached, when, said sale having elicited no bid, Francisco Bruno, as attorney in fact for said Díaz Navarro, had requested that the property be awarded to his principal for two-thirds of its appraised value, or $1,133.33; copy of an order issued on the 22d of aforesaid January, by the municipal judge of Guayama, Guillermo Alvarez, countersigned by his clerk, Benigno Capó, whereby the house levied upon was awarded to Attorney Díaz Navarro on account of his claim and costs, for two-thirds of its appraised value; copy of the writing filed with the District Court of Humacao by Attorney Díaz Navarro in the action for divorce instituted by him on behalf

Díaz Navarro en el pleito de divorcio que sigue á nombre de Doña
Carolina Luzunaris contra su esposo, Don Ramón Pastor Díaz, pre-
sentado al Tribunal de Distrito de Humacao, interponiendo recurso
de casación por infracción de ley contra la sentencia por este Tribunal
pronunciada en el incidente previo de nulidad de actuaciones promo-
vido por la representación de Don Ramón Pastor Díaz: copia del
escrito del Lcdo. Díaz Navarro formulando ante el Supremo el re-
curso de casación anunciado, recurriendo de la sentencia solamente
en cuanto á la condena de costas impuestas en totalidad á su parte;
certificación de no haberse presentado en el referido pleito de divorcio
por los Letrados Don Juan Hernández López y Don Rafael López
Landrón minuta alguna de honorarios; de que en dichos autos no
figura tasación de costas, y de que no consta que contra el provisto re-
caido al escrito sobre reclamación de honorarios se haya interpuesto
recurso alguno, ni tampoco consta que se haya interpuesto tercería
de mejor derecho por la representación del Señor Pastor, y por último
certificación de haber sido declarado con lugar, con fecha diez y siete
de Mayo actual el recurso de casación por infracción de ley que en
tiempo y forma interpuso la representación de Doña Carolina
Luzunaris.

4. *Resultando*: que señalado el día diez y seis del mes en curso y
hora de las tres de la tarde para el juicio oral de este pleito, el mismo
día presentó escrito el Letrado Don Manual León á nombre de Don
Ramón Pastor Díaz, pidiendo por encargo de su compañero, Don
Juan Hernández López, la suspensión de la vista, por encontrarse en-
fermo dicho Letrado Sr. Hernández López, presentando para justifi-
car dicha enfermedad certificación expedida el día anterior en San
Juan de Puerto Rico por el Doctor Don E. Saldaña, expresando que
el Señor Hernández López se hallaba padeciendo de una colitis
aguda, afección que le impedía emprender viaje fuera de la capital,
y por el Letrado Don Herminio Díaz se presentó otro escrito solici-
tando que el Tribunal declarara no haber lugar á la suspensión por
haberla pedido fuera de tiempo.

5. *Resultando*: que estimándose fuera de tiempo la suspensión
pedida por la representación de Don Ramón Pastor Díaz, por no
haberse alegado la enfermedad dentro del término que determina el
Artículo 322 de la Ley de Enjuiciamiento Civil en su apartado 6o.,
se llevó á cabo la vista del pleito, con la asistencia sóla del Letrado
Don Herminio Díaz Navarro, quien solicitó en su informe que se de-

of Carolina Luzunaris against her husband, announcing an appeal in cassation for error of law from the judgment of said court on the incidental issue of nullity of proceedings, raised by counsel for Ramón Pastor Díaz; copy of the writing of Attorney Díaz Navarro perfecting before the Supreme Court the notice of appeal from the judgment, with reference only to the imposition of all the costs against the party represented by him; certificate to the effect that in the aforesaid suit of divorce no statement of fees had been presented by Attorney Juan Hernández López and Attorney Rafael López Landrón; that in said proceedings there had been no taxation of costs; that it did not appear that any appeal had been taken from the decision on the writing demanding payment of fees, nor that any complaint in intervention, based upon a preferred right, had been filed by counsel for Pastor Díaz; and, lastly, a certificate stating that the appeal in cassation for error of law, in due time and form taken by counsel for Carolina Luzunaris, had been allowed on May 17, 1902.

"May 16, 1902, at 3 p. m., having been set for the oral hearing of aforesaid suit, Attorney Manuel León presented the same day, on behalf of Pastor Díaz, by request of his colleague Juan Hernández López, a petition praying that the hearing be suspended, by reason of the latter's illness, as shown from the certificate issued the day before, at San Juan, Porto Rico, by Dr. E. Saldaña, stating that Attorney Hernández López was suffering from an acute inflamation of the colon, which illness precluded his undertaking a journey outside the capital; and another petition was filed by Attorney Díaz Navarro, praying that the suspension asked for be denied, as the petition therefor had not been filed in time.

"The suspension requested by Pastor Díaz's attorney having been considered out of time, inasmuch as the illness was not alleged within the period prescribed under paragraph 6, article 322, of the Law of Civil Procedure, the hearing of the case was proceeded with, Attorney Díaz Navarro alone appearing, who in his argument asked that the complaint be dismissed, with costs against the plaintiff in intervention.

clarase sin lugar la demanda, con imposición de las costas al tercerista.

6. *Resultando*: que en la tramitación de este pleito se han observado las prescripciones legales. Siendo Ponente el Juez D. José Ramón Aponte en sustitución del Juez Don Juan N. Kearney.

1. *Considerando*: que si bien Doña Carolina Luzunaris fué condenada en costas en el incidente de nulidad establecido en el pleito que contra su esposo, Don Ramón Pastor Díaz, siguió sobre divorcio, esa sentencia se encuentra en el Tribunal Supremo pendiente del recurso de casación que contra ella estableciera, é interín no se declare sin lugar dicho recurso, se llenen las demás formalidades que establece el Título II del Libro Primero de la Ley de Enjuiciamiento Civil, y acredite el referido Pastor Díaz haber satisfecho las costas de su Letrado defensor Señor Hernández López, carece de acción contra la demandada para reclamarle cantidad alguna y en este sentido no puede alegar preferencia al pago de un crédito completamente ilusorio.

2. *Considerando*: que por tales circunstancias, no haber aportado prueba alguna al procedimiento, ni asistido tampoco al acto del juicio: justificadas las excepciones de los demandados, debe declararse sin lugar la demanda y condenar al actor al págo de las costas por su manifiesta temeridad.

*Vistos* los artículos del Código Civil y de la Ley de Enjuiciamiento Civil de pertinente aplicación.

*Fallamos*: que declarando, sin lugar la demanda de tercería interpuesta por Don Ramón Pastor Díaz, debemos absolver y absolvemos á los demandados Don Herminio Díaz Navarro y Doña Carolina Luzunaris Domínguez, con las costas al actor. Así definitivamente juzgando, lo pronunciamos, mandamos y firmamos: Salvador Fulladosa, Ulpiano Valdés, José R. Aponte''.

*Resultando*: que contra esa sentencia interpuso la representación de Don Ramón Pastor Díaz recurso de casación por quebrantamiento de forma y por infracción de ley, que le fué admitido; y elevados los autos á esta Corte Suprema, previa citación y emplazamiento de las partes, se tramitó dicho recurso como de apelación, á virtud de lo dispuesto por la ley de 12 de Marzo del año próximo pasado, transformando el

"In the conduct of this case the legal provisions have been complied with.

"Judge José Ramón Aponte, acting in substitution of Judge Juan N. Kearney, prepared the opinion of the court.

"Notwithstanding the fact that the costs were imposed upon Carolina Luzunaris in the incidental issue of nullity raised in the action for divorce instituted by her against her husband, Ramón Pastor Díaz, an appeal in cassation was taken from said resolution to the Supreme Court, where it is now pending, and until said appeal is dismissed, and the other formalities prescribed by title 2, book 1, of the Law of Civil Procedure are complied with, and aforesaid Pastor Díaz shows that he has paid the costs of his attorney, Hernández López, he has no action against the defendant for any claim whatever, and therefore cannot allege any preference as to a credit which is absolutely void.

"For the reasons above set forth, no evidence having been brought forward by plaintiff, who, besides, has failed to appear at the trial, and the exceptions of the defendants having been sustained, the complaint should be dismissed and costs imposed upon plaintiff for his manifest obstinacy in prosecuting his case.

"In view of the articles of the Civil Code and of the Law of Civil Procedure applicable to the case, we adjudge that the complaint in intervention brought by Ramón Pastor Díaz be, and is hereby, dismissed, the defendants Díaz Navarro and Carolina Luzunaris being absolved therefrom, with costs against complainant. Salvador Fulladosa, Ulpiano Valdés, José A. Aponte."

From the foregoing decision counsel for Ramón Pastor Díaz took an appeal in cassation for error of procedure and error of law, which appeal was allowed, and the record having been forwarded to this Supreme Court, after citing the parties to appear, it was conducted in conformity with the procedure prescribed by the act of March 12, 1903, establishing the Supreme Court of Porto Rico as a court of appeals. After an

Tribunal Supremo, de Casación, en Corte Suprema de Apelación, habiendo evacuado las partes el trámite de instrucción, y señaládose día. para la vista, que tuvo lugar con asistencia del letrado de la parte recurrente.

Abogado del apelante: *Sr. Alvarez Nava.*

Abogado de los apelados: *Sr. Guzmán Benitez* (Juan).

El Juez Asociado Sr. Hernández, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho de la sentencia apelada.

*Resultando*: que Don Ramón Pastor Díaz articuló oportunamente prueba documental, para cuya práctica se libró el correspondiente suplicatorio á esta Corte Suprema, sin que aparezca devuelto su diligenciado al Tribunal de Humacao, habiendo solicitado, además, que fueran citados los demandados, Doña Carolina Luzunaris y D. Herminio Díaz Navarro, para que comparecieran á prestar declaración ó confesión en el acto del juicio oral bajo juramento indecisorio á tenor de las preguntas que serían formuladas oportunamente, citación que fué acordada por providencia de 6 de Mayo de 1902, en que se señaló el día diez y seis del propio mes para la vista del juicio, librándose las correspondientes órdenes para dicha citación, sin que tales órdenes aparezcan cumplimientadas en autos.

*Resultando*: que por auto para mejor proveer, dispuso esta Corte se trajera copia de la resolución ó resoluciones definitivas recaídas al recurso de casación por infracción de ley contra la sentencia que dictó el Tribunal de Humacao, de 13 de Noviembre de 1901, en el incidente sobre nulidad de actuaciones al juicio de divorcio seguido por Doña Carolina Luzunaris contra Don Ramón Pastor Díaz, y de esa certificación aparece que por sentencia de 22 de Mayo de 1902, fué casada, en cuanto á las costas, la sentencia que dictó la Corte de Humacao en 13 de Noviembre de 1901, ordenándose que todas las costas se entendieran sin especial condenación.

examination of the papers by the parties, a day was set for the hearing, at which counsel for appellant appeared.

*Mr. Alvarez Nava,* for appellant.

*Mr. Guzmán Benítez (Juan),* for respondent.

MR. JUSTICE HERNÁNDEZ, after making the above statement of facts, delivered the opinion of the court.

The findings of fact contained in the judgment appealed from are accepted.

Ramón Pastor Díaz duly offered to submit documentary evidence for the taking of which proper letters requisitorial were issued to this Supreme Court, and these do not appear to have been returned duly executed to the Humacao court. Moreover, he requested that the defendants, Carolina Luzunaris and Herminio Díaz Navarro, be summoned to appear at the oral trial to testify or answer under indecisive oath such questions as would in due time be propounded to them, which request was granted by an order of May 6, 1902, the 16th of said month being fixed therein for the hearing and the proper writs issued for said summons, which writs do not appear on the record to have been executed and returned.

By an order made in furtherance of justice this court called for a copy of the final decision or decisions rendered on the appeal in cassation for error of law from the judgment rendered by the Humacao court, November 13, 1901, in the incidental issue for annulment of proceedings had at the trial of the divorce suit instituted by Carolina Luzunaris against Ramón Pastor Díaz, and from the certificate it appears that the judgment rendered by the court of Humacao, November 13, 1901, was vacated as to the costs, by a decision rendered May 22, 1902, ordering said costs to be understood as without special imposition.

*Considerando*: que si bien Doña Carolina Luzunaris fué condenada al pago de las costas en la sentencia que dictó el Tribunal de Distrito de Humacao, en 13 de Noviembre de 1901, declarando con lugar el incidente de nulidad de actuaciones promovido por Don Ramón Pastor Díaz, en juicio de divorcio que aquella iniciara contra éste, tal sentencia fué casada por esta Corte Suprema, en la parte relativa á las costas, las que ordenó se entendieran en la forma ordinaria, ó sin especial condena, y por tanto no ha tenido fuerza ejecutoria respecto á ese extremo; careciendo, en su consecuencia, Pastor Díaz de título que justifique ser acreedor de Doña Carolina Luzunaris, en el concepto expresado, y que pueda servir de base para discutir si tiene derecho, ó no á cobrar semejante acreencia del producto de los bienes de Doña Carolina Luzunaris, con preferencia á los honorarios que como defensor de dicha señora, devengara el Letrado Don Herminio Díaz Navarro.

*Considerando*: que aunque el No. 6º. del Artículo 323 de la Ley de Enjuiciamiento Civil no era aplicable al denegar el Tribunal de Humacao la suspensión del juicio solicitada por la parte de Don Ramón Pastor Díaz, pues son cosas distintas la celebración de un juicio, en que se practican pruebas, y el acto de la vista, que se limita al informe de los letrados de las partes, la denegación de aquella suspensión, en el caso de autos, sin que asistiera al acto la representación del demandante, no apareja indefensión para éste, pues todas las pruebas de los demandados habían sido practicadas con su citación, y si bien Pastor Díaz propuso pruebas documental y de confesión, la primera dejó de practicarse, por su culpa, por no haber devuelto diligenciado el suplicatorio dirigido para ese efecto á esta Corte Suprema, y respecto de las posiciones que debían absolver los demandados, como no fueron articuladas por escrito, no cabe afirmar si eran, ó no, pertinentes, y si la omisión de tal prueba podía, ó no, producir indefensión, aparte de que cualquiera que hubiera sido su re-

Notwithstanding the fact that Carolina Luzunaris was adjudged to pay the costs in the judgment rendered by the District Court of Humacao, November 13, 1901, which declared that the incidental issue for annulment of proceedings, raised by Ramón Pastor Díaz at the trial of the divorce suit brought by the former against the latter, was properly raised, said judgment was reversed by this Supreme Court, as to the portion thereof referring to the costs, which was ordered to be given in the usual manner, that is to say, without special imposition; and, therefore, the judgment in question had no executory force as to this matter. Hence, Pastor Díaz can show no claim against Carolina Luzunaris, by reason of said judgment, which may serve as a basis for a contention as to whether or not he is entitled to recover such a debt out of the proceeds of the property of Carolina Luzunaris, in preference to the fees due Attorney Díaz Navarro, as attorney for the latter.

Although paragraph 6 of article 323 of the Law of Civil Procedure was not applicable in connection with the denial by the Humacao court of the postponement of the trial applied for by counsel for Ramón Pastor Díaz, since the period for taking evidence and that for the hearing of the arguments of both parties are different things, the refusal of such postponement in the case at bar, without the presence of counsel for plaintiff, did not produce the effect of leaving the latter without defense, inasmuch as all the proofs of the defendants had been taken, for which he was duly cited, and although it is true that Pastor Díaz had offered to submit documentary evidence, as also that of confession in court, the former was not taken through his own fault; he having failed to return the letters requisitorial addressed to this Supreme Court for that purpose; and as regards the interrogatories that were to be answered by defendants, as these were not prepared in writing, it is impossible to say whether they were pertinent or not, and whether or not the omission of such

sultado, nunca hubiera destruido la prueba documental obrante en autos, demostrativa de que el demandante carece de título que sirva de base á su demanda de tercería de mejor derecho.

*Considerando*: que según la Regla 63 de la Orden General, No. 118, serie de 1899, las costas se impondrán siempre á la parte cuyas pretensiones se hubiesen totalmente desestimado.

*Fallamos*: que debemos confirmar y confirmamos la sentencia apelada que dictó la Corte de Distrito de Humacao en 26 de Mayo de 1902, por la que se absuelve de la demanda á Don Herminio Díaz Navarro y Doña Carolina Luzunaris y Dominguez, con las costas al actor, á quien condenamos también en las costas del recurso; y decuélvanse los autos al referido Tribunal, con la certificación correspondiente.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Figueras, Sulzbacher y MacLeary.

evidence could have prevented the presentation of any defense; aside from the fact that whatever might have been the result thereof, it could never have destroyed the documentary evidence on file with the record, which shows the plaintiff has no title that could serve as a ground for an action in intervention based upon a preferred right.

Under rule 63, of General Order No. 118, series of 1899, costs shall always be paid by the litigant who loses his case on all points. We ajudge that we should affirm and do affirm the judgment appealed from, as delivered by the District Court of Humacao, May 26, 1902, whereby Herminio Díaz Navarro and Carolina Luzunarias y Domínguez are released from the complaint, with costs against the plaintiff, whom we likewise adjudge to pay the costs of this appeal. The record is ordered to be returned to said court with the proper certificate.

Chief Justice Quiñones and Justices Figueras, Sulzbacher and MacLeary concurred.